**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ANNE C. HART, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:18-CV-01548-JCH |
| ) | |
| vs. ) | |
| ) | |
| ASCENSION HEALTH ALLIANCE, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS COUNTS I – IV
OF PLAINTIFF'S FIRST AMENDED COMPLAINT
AND MOTION TO STRIKE JURY DEMAND
OF ASCENSION HEALTH ALLIANCE, D/B/A ASCENSION**

COMES NOW Ascension Health Alliance, d/b/a Ascension ("Ascension"), by and through the undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(f), and 39(a)(2) and hereby moves to dismiss Counts I-IV of Plaintiff Anne Hart's ("Plaintiff's") First Amended Complaint for failure to state a claim and moves to strike Plaintiff's jury demand. In support of its motion, Ascension states as follows:

1. Plaintiff filed suit on or about August 16, 2018, in the Circuit Court in Milwaukee County, Wisconsin, *Anne C. Hart v. Ascension Health – IS, Inc.*, bearing Cause No. 2018-CV-006802.

2. Ascension removed the case to federal court on September 7, 2018, because the case raised a federal question under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Dkt. # 1). Plaintiff seeks short-term and long-term disability benefits pursuant to the Ascension Short-Term Disability Payroll Program ("STD Program") and the Ascension Long-Term Disability Plan ("LTD Plan") (collectively "Plans") (First Amended Complaint ("FAC"), ¶¶ 9, 22, 30, 45-51).

1755256

3.     Plaintiff stipulated to transfer the case to this Court pursuant to forum selection clauses in the Plans (E.D. Wis. Dkt. #17), and the Eastern District of Wisconsin transferred the case on September 14, 2018. (E.D. Wis. Dkt. # 18-19).

4.     On October 1, 2018, Plaintiff filed an Amendment Complaint to name Ascension as the proper defendant and remove Ascension Health – IS, Inc.

5.     Plaintiff's claim for breach of contract (Count I) fails to state a claim because the STD Program is not a contract. Under Missouri law, it is a unilateral employer policy that Ascension could terminate at any time. Therefore, it does not form a binding contract. *See Dearman v. Dial Corp.*, No. 4:08-CV-825 CAS, 2010 WL 254929, at *4 (E.D. Mo. Jan. 19, 2010).

6.     Plaintiff's second count—bad faith by an insurance company—should be dismissed for failure to state a claim. Plaintiff alleges that Ascension is a nonprofit corporation that operates health care organizations, which Ascension calls health ministries. (FAC, ¶¶ 2, 8). She, therefore, admits that Ascension is not an insurance company, and she further admits that the STD Program is a payroll practice and, thus, not an insurance contract. Count II fails to state a claim.

7.     Plaintiff brings two Wisconsin state law causes of action under Counts III and IV. Section 9.5 of the STD Program chooses Missouri as the state law that will govern the STD Program. Therefore, Counts III and IV fail to state a claim because Wisconsin law does not apply to the STD Program.

8.     Finally, Plaintiff's request for a jury trial is inappropriate and should be stricken.

9. Federal Rule of Civil Procedure 39(a)(2) provides that the Court may upon motion or upon its own initiative docket the trial as a non-jury action where the Court finds that a right of trial by jury does not exist under the Constitution or statutes of the United States.

10. Federal Rule of Civil Procedure 12(f) provides that upon motion by a party, the Court may order stricken from any pleading any immaterial or impertinent matter.

11. Plaintiff sued Ascension seeking benefits pursuant to Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), for an alleged wrongful denial of benefits under the terms of the LTD Plan. (First Amended Complaint, Count V).

12. Plaintiff's demand for a jury trial should be stricken as there is no right to a trial by jury in an ERISA denial of benefits action. *Ibson v. United Healthcare Servs., Inc.*, 776 F.3d 941, 947 (8th Cir. 2014) (affirming district court's order striking demand for a jury trial in ERISA case); *Houghton v. SIPCO, Inc.*, 38 F.3d 953, 957 (8th Cir. 1994); *In re Vorpahl*, 695 F.2d 318, 322 (8th Cir. 1982); *see also Vickery v. ConAgra Foods, Inc.*, No. 4:15-CV-797 CAS, 2015 WL 5306204, at *9 (E.D. Mo. Sept. 10, 2015).

13. Similarly, a right to a jury trial does not exist under common law for benefit claims under plans not subject to ERISA. *Leacock v. Bd. of Pensions of Presbyterian Church USA*, No. CIV.A. 09-754-C, 2010 WL 2653345, at *3 (W.D. Ky. July 1, 2010) (finding "the instant suit is a claim for disability benefits that is equitable in nature, and [plaintiff] is therefore not entitled to a jury trial").

WHEREFORE, for the reasons stated herein and in Ascension's Memorandum in Support of its Motion to Dismiss, Ascension respectfully requests this Court to dismiss Counts I-IV of Plaintiff's First Amended Complaint and strike Plaintiff's request for a jury trial, and for such further relief this Court deems just and proper.

Dated:  October 22, 2018 　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　GREENSFELDER, HEMKER & GALE, P.C.


　　　　　　　　　　　　　　　　　　By:   /s/ Heather M. Mehta
　　　　　　　　　　　　　　　　　　　　Amy L. Blaisdell, MO Bar #51068
　　　　　　　　　　　　　　　　　　　　Heather M. Mehta, MO Bar #64026
　　　　　　　　　　　　　　　　　　　　10 S. Broadway, Suite 2000
　　　　　　　　　　　　　　　　　　　　St. Louis, MO  63102-1747
　　　　　　　　　　　　　　　　　　　　Telephone:  314/241-9090
　　　　　　　　　　　　　　　　　　　　Facsimile:  314/241-3643
　　　　　　　　　　　　　　　　　　　　apb@greensfelder.com
　　　　　　　　　　　　　　　　　　　　hmm@greensfelder.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Ascension Health Alliance d/b/a Ascension*


## CERTIFICATE OF SERVICE

　　　　I hereby certify that on October 22, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

HAWKS QUINDELL, S.C.
Timothy P. Manyard
222 East Erie Street
Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email: tmanyard@hq-law.com

William E. Parsons
409 E. Main Street
P.O. Box 2155
Madison, WI 52703-2155
Telephone: 608-257-0040
Fax: 608-256-0236
Email: wparsons@hq-law.com

*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　　　　     /s/ Heather M. Mehta