UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ANNE C. HART, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1548 JCH |
| | ) | |
| ASCENSION HEALTH ALLIANCE, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Ascension Health Alliance, d/b/a Ascension's ("Ascension" or "Defendant") Motion to Dismiss Counts I-IV of Plaintiff's First Amended Complaint and Motion to Strike Jury Demand, filed October 22, 2018. (ECF No. 14). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff alleges that at all relevant times, she was employed by the healthcare organization doing business as Ascension in the State of Wisconsin.[1] (First Amended Complaint ("FAC"), ¶ 8). As part of her employment with Ascension, Plaintiff maintains she was eligible for benefits under Ascension's Short-Term Disability Payroll Program ("STD Program"). (*Id.*, ¶ 9). The STD Program was implemented to provide short-term disability benefits to eligible employees, and was designed to be exempt from the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et. seq.* ("ERISA"). (*See* STD Program, ECF No. 15-1).

---

[1] Defendant counters that Plaintiff was an employee of Wheaton Franciscan Healthcare, an Ascension health ministry, which as of January 1, 2018, became part of Ascension Wisconsin. (Ascension's Answer, ¶ 8).

Ascension retained the right at any time to alter, amend, or terminate the STD Program. (*Id.*, §§ 8.1(a), 8.2). Plaintiff also was a participant in Defendant's Long-Term Disability ("LTD") Plan, an employee benefit plan governed by ERISA. (FAC, ¶¶ 9, 11).

Plaintiff alleges that as of October 2, 2017, she became unable to perform the substantial and material duties of her own occupation, or to perform any gainful occupation for which she reasonably was qualified, due to her disabling medical conditions. (FAC, ¶ 12).[2] She further alleges that despite her provision of proof of total disability, Ascension denied her claim for STD benefits, which in turn precluded her claim for LTD benefits. (*Id.*, ¶¶ 14, 15).

Plaintiff filed her original Complaint in this matter in Wisconsin state court on August 16, 2018. (ECF No. 9). The parties stipulated to the transfer of Plaintiff's case to this Court on September 13, 2018. (ECF No. 7). Plaintiff's First Amended Complaint, filed October 1, 2018, contains the following five claims for relief: Breach of Contract (with respect to the STD Program) (Count I); Bad Faith by Insurance Company (Count II); Punitive Damages Pursuant to Wis. Stat. § 895.043 (Count III); Violation of Wis. Stats. Ch. 109 (Count IV); and Violation of ERISA § 502(a)(1)(B) (Count V). (ECF No. 10). As relief, Plaintiff seeks payment of all retroactive STD and LTD benefits owed to Plaintiff, a declaration of Plaintiff's continued eligibility for all STD and/or LTD benefits from Ascension, punitive damages for Ascension's malicious failure to provide STD benefits to Plaintiff, 12% interest on Plaintiff's back STD benefits pursuant to Wis. Stat. § 628.46, 50% of Plaintiff's back STD benefits as a civil penalty pursuant to Wis. Stat. § 109.11(2)(a), and reasonable attorney's fees and costs.

---

[2] Plaintiff alleges she was determined to be disabled as of October 2, 2017, by the Social Security Administration, for purposes of receiving Social Security Disability Insurance benefits. (FAC, ¶ 13).

As noted above, Ascension filed the instant Motion to Dismiss and Motion to Strike on October 22, 2018, claiming Counts I-IV of Plaintiff's First Amended Complaint must be dismissed for failure to state a claim[3], and Plaintiff's request for a jury trial on the remaining ERISA count is inappropriate and must be stricken. (ECF No. 14).

## STANDARD FOR MOTION TO DISMISS[4]

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of

---

[3] Plaintiff does not contest Defendant's Motion to Dismiss as it relates to Count II of her First Amended Complaint. (*See* Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Counts I-IV of Plaintiff's First Amended Complaint and Motion to Strike Jury Demand ("Plaintiff's Opp."), P. 3 n. 1).

[4] Plaintiff asserts that because Ascension's Motion to Dismiss depends on an interpretation of the STD Program's language, the motion must be treated as one for summary judgment. (Plaintiff's Opp., PP. 3-4). Under Eighth Circuit law, "[t]hough matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012) (internal quotations and citation omitted). In this case, the STD Program necessarily is embraced by Plaintiff's First Amended Complaint, and so the Court may consider it without converting the instant motion to one for summary judgment. *Chesterfield Spine Center, LLC v. Cigna Health and Life Ins. Co.*, 2015 WL 4603560, at *3 (E.D. Mo. Jul. 30, 2015).

action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

**DISCUSSION**

A.  **Count I: Breach of Contract**

In Count I of her First Amended Complaint, Plaintiff alleges Ascension breached its contract with Plaintiff by failing to provide STD benefits under the terms of the STD Program. (Compl., ¶¶ 20-23). Specifically, Plaintiff asserts Ascension failed to take the necessary steps to ensure timely payment of benefits, failed to pay covered losses, failed to deal with Plaintiff in good faith, and failed to honor other terms and conditions of the contract. (*Id.*, ¶ 22).

"Under Missouri law, a breach of contract claim consists of the 'following essential elements: (1) a contract between the plaintiff and the defendant; (2) rights of the plaintiff and obligations of the defendant under the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.'" *Dearman v. Dial Corp.*, 2010 WL 254929, at *3 (E.D. Mo. Jan. 19, 2010) (quoting *Teets v. American Family Mut. Ins. Co.*, 272 S.W.3d 455, 461 (Mo. App. 2008) (citation omitted)). In its Motion to Dismiss, Ascension contends Plaintiff fails to establish the first element of her breach of contract claim, *i.e.*, that a contract existed between Plaintiff and Ascension.

In *Dearman*, Judge Charles Shaw of this Court noted that employer policies unilaterally imposed on at-will employees typically are not contracts enforceable at law. *Dearman*, 2010 WL 254929, at *4. This is because "[i]t is understood in such cases that the employer reserves the right to discontinue or modify such policies as it chooses." *Id.* (internal quotations and citations omitted). Judge Shaw continued to hold that while earlier Missouri authority indicated

a benefit offered gratuitously by an employer may at times become an enforceable contract, he did not need to decide if such authority survived, as the plaintiff in *Dearman* could not establish the existence of a contract under the facts of the case. *Id.*

> For such [gratuitous] plans to become enforceable contracts, there must be notification to and knowledge of benefits on the part of the employee and consideration or continuance of employment in reliance on the plan….In the instant case, although plaintiff knew of the STD Plan benefits offered by defendant, she cannot show consideration or continuance of her employment in reliance thereon. This is because plaintiff was aware of [Defendant's] retained right to modify or terminate the Plan at any time. Plaintiff was also aware of the specific Plan language stating that employees did not have vesting rights in the Plan, and that participation in the Plan was not, and should not be considered, a contract of employment.

*Id.* (internal quotations and citation omitted).

Upon consideration, the Court finds the reasoning of the *Dearman* court applies equally to the case at hand. As noted above, Ascension gave notice in both the STD Program itself and the plan summary of its right to modify or terminate the plan at any time. (*See* STD Program, §§ 8.1(a), 8.2; Plan Summary, ECF No. 15-2, P. 8). Furthermore, the STD Program stated as follows: "This Program constitutes neither a contract between the Participating Employer and any person nor a consideration or inducement for the employment of any person." (STD Program, § 9.1). Under these circumstances, a reasonable employee could not interpret the language of the STD Program as an offer to enter into a contractual relationship. *See Dearman*, 2010 WL 254929, at *4. "Without an offer there can be no contract, and without a contract there can be no cause of action for breach of contract." *Id.* at *5. Ascension's Motion to Dismiss Count I must therefore be granted.

### B. Count III: Punitive Damages Pursuant to Wis. Stat. § 895.043

After realleging and incorporating by reference earlier paragraphs, Count III of Plaintiff's First Amended Complaint states in its entirety as follows: "Upon information and belief,

[Ascension] acted maliciously toward Plaintiff or in an intentional disregard of her rights to STD benefits, so as to subject [Ascension] to punitive damages." (FAC, ¶ 33). Under Wisconsin law, however, "the rule is well established…that a claim for punitive damages alone is not sufficient to support a cause of action. There must be a showing of some actual injury which would justify an award of actual or compensatory damages before punitive damages may be awarded." *Hanson v. Valdivia*, 187 N.W.2d 151, 155 (Wis. 1971) (citations omitted). *See also DuVall v. Ford Motor Co.*, 1979 WL 30548, at *4 (Wis. App. May 31, 1979) (citations omitted) ("A separate cause of action for punitive damages does not exist….Punitive damages are an incident to a cause of action and not the subject of an action itself."). Plaintiff's stand-alone cause of action for punitive damages must therefore be dismissed.

C. **Count IV: Violation of Wis. Stats. Ch. 109**

In Count IV of her First Amended Complaint, Plaintiff cites to Wisconsin Statutes Chapter 109 generally, to claim that she's entitled to damages for Ascension's failure to pay her disability benefits under the STD Program. (FAC, ¶¶ 34-40). In its Motion to Dismiss, Ascension notes the STD Program contains the following provision: "The Program shall be construed and enforced according to the laws of the State of Missouri." (STD Program, § 9.5). According to Ascension, Plaintiff's Wisconsin state law cause of action must be dismissed in light of the STD Program's clear choice-of-law provision.

Black's Law Dictionary defines a "choice-of-law clause" as "[a] *contractual provision* by which the parties designate the jurisdiction whose law will govern any disputes that may arise between the parties." Black's Law Dictionary (10th Ed. 2014) (emphasis added). As explained above, the STD Program did not constitute a contract between Plaintiff and Ascension. As such, the Court does not find Plaintiff is bound by the choice-of-law provision within the STD

Program, and thus will not dismiss her Wisconsin cause of action on that basis.[5] The Court will, however, *sua sponte* require Plaintiff to file a Second Amended Complaint, repleading Count IV with specificity as to the exact provisions of Wisconsin law under which it arises.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Counts I-IV of Plaintiff's First Amended Complaint (ECF No. 14) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing**.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Monday, January 7, 2019**, within which to file a Second Amended Complaint addressing the concerns set forth in this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Jury Demand (ECF No. 14) is **DENIED**, without prejudice to Defendant's right to refile said motion in relation to Plaintiff's Second Amended Complaint.

Dated this 3rd Day of December, 2018.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[5] Ascension's cases are not to the contrary. For example, in *Brake v. Hutchinson Technology Inc. Group Disability Income Ins. Plan*, 774 F.3d 1193 (8th Cir. 2014), the Eighth Circuit held as follows: "Where a choice of law is made by an ERISA *contract*, it should be followed, if not unreasonable or fundamentally unfair." *Id.* at 1197 (internal quotations and citation omitted) (emphasis added). *See also Selvy v. Sun Life Assurance Co. of Canada*, 310 F.Supp.3d 1026, 1028 (W.D. Mo. 2018) (internal quotations and citation omitted) (emphasis added) ("Under Missouri law, parties may choose the state whose law will govern the interpretation of their *contractual rights and duties* and this choice will be honored so long as the application of this law is not contrary to a fundamental policy of Missouri.").